**Larry L. Linder, OSB #010724**
llinder@salememploymentlawyer.com
The Law Office of Larry L. Linder, LLC
3000 Market Street NE; Suite 150
Salem, OR 97301
Tel: (503)585-1804
Fax: (503)585-1834
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **STEPHEN THORDARSON,** | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT-VIOLATION OF TITLE VII (42 U.S.C. § 2000e)** |
| **STATE OF OREGON DEPARTMENT OF JUSTICE,** A Department of the State of Oregon, | (Jury Trial Demand) |
| Defendant. | |

## INTRODUCTION

1.

Pursuant to 42 U.S.C. § 2000e, Plaintiff alleges the deprivation of his rights as protected by federal anti-discrimination statutes. Plaintiff alleges the right not be discriminated against because of his gender and race. Plaintiff seeks declaratory relief, equitable relief, damages, attorneys' fees, and litigation expenses and costs including expert witness fees and expenses.

## PARTIES

2.

Stephen Thordarson ("Plaintiff") is a Caucasian male resident of Pierce County, Washington.

**Page 1- Complaint**

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET ST. NE; SUITE 150
SALEM, OR 97301
(T)(503)585-1804 (F) (503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

3.

Defendant, State of Oregon Department of Justice ("DOJ" and "Defendant"), is a Department of the state of Oregon. Upon information and belief, Defendant employed more than five hundred employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## JURISDICTION

4.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 as Plaintiff's claims are brought under 42 U.S.C. § 2000e. Plaintiff requests a jury trial in this matter.

## VENUE

5.

DOJ is headquartered in Marion County, Oregon and provides services throughout the state of Oregon. The District of Oregon, Eugene Division, is the proper venue to hear these claims pursuant to 28 USC § 1391 and U.S. District Court for the District of Oregon LR 3-2.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.

All conditions precedent to the institution of this lawsuit have been met. Plaintiff co-filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oregon Bureau of Labor and Industries ("BOLI"). On November 15, 2024, the EEOC issued Plaintiff a notice of right sue authorizing him initiate the instant litigation within 90 days. Any claims alleged not contained in the EEOC charge of discrimination, are reasonably related to, and a logical outgrowth of, the administrative investigation that occurred.

///

///

Page 2- Complaint

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET ST. NE; SUITE 150
SALEM, OR 97301
(T)(503)585-1804 (F) (503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

**FACTUAL ALLEGATIONS**

7.

ORS 240.306 (2) states, "[t]he Oregon Department of Administrative Services shall establish procedures to provide for statewide open recruitment and selection for classifications that are common to state agencies. The procedures shall include adequate public notice, *affirmative action to seek out underutilized members of protected minorities*, and job related testing. The department may delegate to individual operating agencies the responsibility for recruitment and selection of classifications where appropriate." (emphasis added). DOJ relied on this statute to target women and minorities for employment in the workgroup at issue in this litigation.

8.

In or around March 2021, DOJ published its Affirmative Action Plan for the 2021-2023 biennium. Part of that plan was the, "DOJ Workplace Representation Report." The report provided statistics on three categories: People of Color; Women; and People with Disabilities. The statistics do not provide any data for male employees.

9.

The DOJ Affirmative Action Plan Workplace Representation Report documents that of 108 employees in the category of Officials/Administrators, including mid-level management, executive staff, DOJ employs 71 females exceeding the parity goal. The category of Professionals in the Workplace Representation Report indicates that DOJ exceeds women and 137 people of color, meeting 100% compliance of their goals. The category of Administrative Support is comprised of administrative and clerical support positions, and the supervisors of these positions. There are 320 employees in that category, and an increase in representation of 35 since the previous reporting period.

Page 3- Complaint

Law Office of Larry L. Linder, LLC
3000 Market St. NE; Suite 150
Salem, OR 97301
(T)(503)585-1804 (f) (503)585-1834
info@salememploymentlawyer.com

10.

DOJ's reported statistics indicate that there is no underrepresentation of females and people of color at DOJ. On the contrary, DOJ is in full compliance of their stated goals. The "Recruitment Strategies" section, two paragraphs later says, "DOJ's Recruitment Analysts worked with hiring managers to develop recruitment strategies that address specific opportunities to reduce or eliminate under-representation of females, people of color, or people with disabilities in job categories. Strategies included ensuring a diverse representation on interview panels and expanding outreach efforts through use of community outreach programs, DOJ's internet and intranet websites, and internet job posting websites." DOJ has adopted policies to emphasize increased recruitment of females into a workgroup where males are underutilized. DOJ adhered to these policies in the employment decisions at issue in this litigation.

11.

In or around August 2021, Defendant published the "Diversity, Equity, and Inclusion Action Plan: A Roadmap to Racial Equity and Belonging" ("DEI"). This document explains that "equity is the effort to provide different levels of support based on an individual's or group's needs in order to achieve fairness of outcome." Then Governor Kate Brown stated this demonstrated her commitment, "to putting our marginalized communities at the forefront of our recovery plan." She further stated, "together, we can build a more equitable Oregon."

12.

On or about June 16, 2022, then Governor Kate Brown signed Executive Order No. 22-11, <u>Relating to Affirmative Action, Equal Employment Opportunity, Diversity, Equity, and Inclusion</u>. This Executive Order directed Agency Directors and Administrators to "review and discuss their affirmative action plans, to initiate training on affirmative action issues, including affirmative action responsibilities in key jobs descriptions, and to conduct Cultural Competency

**Page 4- Complaint**

Law Office of Larry L. Linder, LLC
3000 Market St. NE; Suite 150
Salem, OR 97301
(T)(503)585-1804 (f) (503)585-1834
info@salememploymentlawyer.com

Assessment and training." This order required statewide "professional development designed to improve employees' skills and competency in managing affirmative action equity and diversity issues."

13.

Plaintiff has 31 years of employment experience working at a federally certified child support program including approximately 18 years with the State of Washington Department of Social and Health Services, Division of Child Support, where he worked as a Support Enforcement Officer 2. Plaintiff's employment experience included investigating and interviewing parents to establish orders and enforce outstanding child support debt payments. Plaintiff had experience authorizing and executing the seizure of assets to collect support obligations and maintain and monitor payment cooperation. In addition, Plaintiff's experience included conducting audits to ensure compliance with State and Federal agency standards.

14.

In or around spring 2023, DOJ published and solicited employment applications for four open positions for "Child Support Case Manager – Entry." Plaintiff applied for these positions. Plaintiff met and exceeded the minimum qualifications for each position. 87.5% of the candidate pool for these positions were female. Plaintiff was interviewed on May 31, 2023. DOJ did not hire Plaintiff for any of the open positions. All successful candidates were female and two were non-Caucasian. Upon information and belief, Plaintiff was at least as qualified as each successful candidate.

15.

The "Recruitment Strategies" portion of DOJ's Affirmative Action plan states, "[s]trategies including ensuring a diverse representation on interview panels…" Consistent with this stated strategy, Plaintiff's interview panel consisted of four (4) women - Manager of

Page 5- Complaint

Law Office of Larry L. Linder, LLC
3000 Market St. NE; Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

Employment Services, McKenzi Riddell ("Ms. Riddell"), Sophia Bishop ("Ms. Bishop"), Hayley Hansen ("Ms. Hansen"), and Twila Hojara ("Ms. Hojara"). Without a male, Plaintiff's interview panel was not diverse. Ms. Riddell is the Manager of Employment Services where Plaintiff applied for employment. Ms. Riddell manages three groups totaling 50 employees of which 90% are female (45/50).

16.

DOJ has stated in its own Affirmative Action Plan that their hiring practices emphasize utilizing, recruiting and hiring more females to the detriment of males evidencing discriminatory intent. By DOJ's own statistics, these policies have had the desired impact of discouraging males from applying for, and being selected for, open positions. It has created a strong tendency against hiring males that Plaintiff was subjected to. DOJ only addresses opportunities to increase the representation of women, people of color, and people with disabilities regardless of whether they are underutilized in their workforce. These actions of DOJ discriminated against Plaintiff.

## FIRST CLAIM– VIOLATION OF TITLE VII

## (Disparate Treatment Gender Discrimination)

17.

Plaintiff re-alleges paragraphs 1-16. 42 U.S.C. § 2000e-2(a)(1) provides: "it shall be an unlawful employment practice for an employer to refuse to hire or to discharge an individual, or otherwise to discriminate any individual, "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals race, color, religion, sex, or national origin."

18.

Plaintiff suffered gender discrimination in Defendant's hiring process that resulted in him being denied employment. Incidents of gender discrimination committed by Defendant

Page 6- Complaint

Law Office of Larry L. Linder, LLC
3000 Market St. NE; Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

adversely affected Plaintiff's terms, conditions, and privileges of employment in violation of 42 U.S.C. § 2000e-2(a).

19.

Defendant discriminated against Plaintiff in the terms, conditions, and privileges of employment by subjecting him to a discriminatory hiring process and failing to hire him on the basis of his gender.

20.

As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights.  Plaintiff has also suffered and continues to suffer economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

21.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

22.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

23.

Plaintiff requests a declaration by this Court that Defendant violated 42 U.S.C. § 2000e-2(a), that this Court require Defendant to provide discrimination training to DOJ employees, that

Page 7- Complaint

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET ST. NE; SUITE 150
SALEM, OR 97301
(T)(503)585-1804 (F) (503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

this Court require Defendant to adopt effective procedures to ameliorate its discriminatory practices, and any other equitable relief that this Court deems justified.

24.

As a result of Defendant's violations of 42 U.S.C. § 2000e-2(a), Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.

## SECOND CLAIM– VIOLATION OF TITLE VII
## (Disparate Treatment Race Discrimination)

25.

Plaintiff re-alleges paragraphs 1-16. 42 U.S.C. § 2000e-2(a)(1) provides: "it shall be an unlawful employment practice for an employer to refuse to hire or to discharge an individual, or otherwise to discriminate any individual, "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals race, color, religion, sex, or national origin."

26.

Plaintiff suffered race discrimination in DOJ's hiring process that resulted in him being denied employment. Incidents of race discrimination committed by Defendant adversely affected Plaintiff's terms, conditions, and privileges of employment in violation of 42 U.S.C. § 2000e-2(a).

27.

Defendant discriminated against Plaintiff in the terms, conditions, and privileges of employment by failing to hire him on the basis of his race.

Page 8- Complaint

Law Office of Larry L. Linder, LLC
3000 Market St. NE; Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

28.

As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights.  Plaintiff has also suffered and continues to suffer economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

29.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

30.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

31.

Plaintiff requests a declaration by this Court that Defendant violated 42 U.S.C. § 2000e-2(a), that this Court require DOJ to provide discrimination training to its employees, that this Court require Defendant to adopt effective procedures to ameliorate its discriminatory practices, and any other equitable relief that this Court deems justified.

32.

As a result of the Defendant's violations of 42 U.S.C. § 2000e-2(a), Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial.  Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable

Page 9- Complaint

Law Office of Larry L. Linder, LLC
3000 Market St. NE; Suite 150
Salem, OR 97301
(T)(503)585-1804 (f) (503)585-1834
info@salememploymentlawyer.com

relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.

## THIRD CLAIM – VIOLATION OF TITLE VII

### (Printing or Publication of Notices or Advertisements Indicating Prohibited Preference, Limitation, Specification, or Discrimination)

33.

Plaintiff re-alleges paragraphs 1-16.  42 U.S.C. § 2000e-3(b) provides, "it shall be an unlawful employment practice for an employer . . . to print of publish or cause to be printed or published any notice or advertisement relating to employment by such an employer . . . indicating any preference, limitation, specification, or discrimination, based on race, color, religion, sex, or national origin, except that such a notice or advertisement may indicate a preference, limitation, specification, or discrimination based on religion, sex, or national origin when religion, sex, or national origin is a bona fide occupational qualification for employment."

34.

The Affirmative Action Plan for the Oregon Department of Justice 2019-2021 biennium states, "DOJ's Recruitment Analysts worked with hiring managers to develop recruitment strategies that address specific opportunities to reduce or eliminate under-representation of females, people of color, or people with disabilities in job categories.  Strategies included ensuring a diverse representation on interview panels and expanding outreach efforts through use of community outreach programs, DOJ's internet and intranet websites, and internet job posting websites."

35.

In August 2021, The Defendant published the "Diversity, Equity, and Inclusion Action Plan: A Roadmap to Racial Equity and Belonging" ("DEI"). Then Governor Kate Brown stated

Page 10- Complaint

Law Office of Larry L. Linder, LLC
3000 Market St. NE; Suite 150
Salem, OR 97301
(T)(503)585-1804 (f) (503)585-1834
info@salememploymentlawyer.com

this demonstrated her commitment, "to putting our marginalized communities at the forefront of our recovery plan" and "together, we can build a more equitable Oregon." In addition, DOJ's Affirmative Action Plan stated, "develop recruitment strategies that address specific opportunities to reduce or eliminate under-representation of females, people of color, or people with disabilities in job categories. Strategies included ensuring a diverse representation on interview panels and expanding outreach efforts through use of community outreach programs, DOJ's internet and intranet websites, and internet job posting websites."

36.

The above referenced printings and publications were unlawful employment practices in violation of 42 U.S.C. § 2000e-3(b). As a result of Defendant's unlawful printing and publication on the basis of race and sex, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered and continues to suffer economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

37.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

///

Page 11- Complaint

Law Office of Larry L. Linder, LLC
3000 Market St. NE; Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

39.

Plaintiff requests a declaration by this Court that Defendant violated 42 U.S.C. § 2000e-3(b), that this Court require Defendant to provide discrimination training to DOJ employees, that this Court require Defendant to adopt effective procedures to ameliorate its discriminatory printing and publishing practices in addition to any other equitable relief that this Court deems justified.

40.

Plaintiff requests a further declaration by this Court that Defendant's "Diversity, Equity, and Inclusion Action Plan: A Roadmap to Racial Equity and Belonging" violates 42 U.S.C. § 2000e-3(b). Plaintiff requests that this Court require Defendant to provide discrimination training to Defendant's employees in the Governor's Office, that this Court require Defendant to adopt effective procedures to ameliorate its discriminatory printing and publishing practices in addition to and any other equitable relief that this Court deems justified.

41.

As a result of Defendant's violations of 42 U.S.C. § 2000e-3(b), Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial as a result of the Defendant's gender and racially discriminatory printing and publishing practices. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests economic and non-economic damages in an amount to be determined at the time of trial, in addition to equitable relief, costs, and attorney's fees for his claims against Defendant as delineated below:

Page 12- Complaint

Law Office of Larry L. Linder, LLC
3000 Market St. NE; Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

1.      **For Plaintiff's First Claim of Relief:**  Economic and non-economic damages in an amount to be determined at trial as a result of DOJ's gender discrimination.  Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.  Plaintiff seeks any additional relief that this Court finds just and proper.

2.      **For Plaintiff's Second Claim of Relief:**  Economic and non-economic damages in an amount to be determined at trial as a result of DOJ's race discrimination.  Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.  Plaintiff seeks any additional relief that this Court finds just and proper.

3.      **For Plaintiff's Third Claim of Relief:**  economic and non-economic damages in an amount to be determined at trial as a result of DOJ's prohibited printing discrimination.  Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S. C. § 2000e-5(k) and 42 U.S.C. § 1988.  Plaintiff seeks any additional relief that this Court finds just and proper.

DATED this 10th day of February, 2025.

　　　　　　　　　　　　　　　　　　　　 /s/ Larry L. Linder
　　　　　　　　　　　　　　　　　　Larry L. Linder      OSB #010724
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　Law Office of Larry L. Linder, LLC
　　　　　　　　　　　　　　　　　　3000 Market St. NE; Suite 150
　　　　　　　　　　　　　　　　　　Salem, Oregon 97301
　　　　　　　　　　　　　　　　　　503-585-1804

Page 13- Complaint

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET ST. NE; SUITE 150
SALEM, OR 97301
(T)(503)585-1804 (F) (503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM